PEARSON, Judge.
The State has appealed an order granting the defendant’s motion to suppress marijuana plants seized at the time of his arrest for the possession of a controlled substance. The trial judge has set forth the facts found to have been established at the hearing on the motion.
“1. The arresting officers went to the residence of the Defendant at night as a result of a report of a burglary in progress. They also were to serve a warrant on another individual on charges unrelated to the charges against this Defendant. The other individual was not at the residence.
“2. The officers established that no burglary was in progress by examining Defendant’s driver’s license and other papers.
“3. As the officers prepared to leave the premises, they went to the rear of the residence and flashed a light through spaces in the high wooden fence, observing marijuana plants inside Defendant’s yard. The officers opened the gate.
“4. The officers then proceeded to the patio door of the residence and knocked. When the door was opened by the Defendant, who was accompanied by an officer who was inside the residence, marijuana was observed inside the door.”
We hold that the facts recited and the evidence received upon the motion do not support the order suppressing the evidence. The search was not illegal where the contraband was in plain view. See Harris v. U. S., 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The fact that the contraband was seen through a fence and with the aid of a flashlight is not a bar to the “plain view” rule. See Marshall v. U. S., 422 F.2d 185, 189 (5th Cir. 1970).
Reversed and remanded.