PER CURIAM.
We affirm defendant’s convictions for attempted armed robbery and first-degree felony murder.
We disagree with defendant’s contention which we take to be to the effect that section 775.021(4)(b)3, Florida Statutes (1989), overruled the holding of State v. Enmund, 476 So.2d 165 (Fla.1985). That holding was: “We hold that an underlying felony is not a necessarily lesser included offense of felony murder ... [therefore, we hold that a defendant can be convicted of and sentenced for both felony murder and the underlying felony.” Id. at 167-68. See State v. Smith, 547 So.2d 613, 616 n. 6 (Fla.1989).
We also disagree with defendant’s contention that since the shot which killed the victim came from a shot into the building in which the victim was located and defendant was acquitted of shooting into a building, the felony murder verdict was impermissibly inconsistent. Defendant was convicted of the felony of attempted armed robbery which justified the felony murder verdict.
We find no merit in defendant’s additional contention.
Affirmed.
RYDER, A.C.J., and LEHAN and FRANK, JJ., concur.