837 So.2d 1185 (2003)
Aaron SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4465.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
Aaron Smith, Arcadia, pro se.
Charlie Crist, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Aaron Smith, appeals an order of the trial court summarily denying *1186 his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Smith timely filed a motion alleging the state's two chief witnesses recanted their trial testimony and acknowledged that such testimony was untruthful. Smith's motion was denied because he failed to attach affidavits from the recanting witnesses. Because we find the motion legally sufficient, we reverse and remand for further proceedings. See McLin v. State, 827 So.2d 948 (Fla.2002); Valle v. State, 705 So.2d 1331 (Fla.1997).
Valle held that it was error for the trial court to summarily deny a Rule 3.850 motion on the basis that no supporting affidavits had been submitted, as Rule 3.850 does not require such filing. See 705 So.2d at 1333-34. Rather, Rule 3.850 requires that the movant include a brief statement of facts in support of the motion. See id. at 1334.
Smith alleged that the recanting witnesses "essentially supported the State's charge of aggravated battery." He alleged further that absent the testimony of the recanting witnesses the state's case was "barren of any evidence" to support his conviction. Compare Cunningham v. State, 748 So.2d 328, 331 (Fla. 4th DCA 1999) (holding motion legally insufficient where defendant alleged that a witness' testimony "would have closed the window of opportunity on the state's case"). These are legally sufficient allegations to require a hearing.
Having concluded that Smith's motion is legally sufficient, the case is reversed and remanded for further proceedings as contemplated by McLin.
WARNER, FARMER and MAY, JJ., concur.