884 So.2d 90 (2004)
Thomas BENTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3784.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*91 SILBERMAN, Judge.
Thomas Benton appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Benton raised a facially sufficient claim based on newly discovered evidence that is not refuted by the record, we reverse and remand for an evidentiary hearing.
Benton was charged with count one, first-degree murder, count two, armed robbery, and count three, possession of a firearm by a convicted felon. Benton stated in his motion that counts one and two were severed from count three and tried before a jury, while count three was simultaneously tried before the trial judge based on the evidence presented during the jury trial. The jury acquitted Benton on counts one and two, but the trial judge convicted him on count three.
Benton alleged that at trial, several witnesses placed him at the scene of the events giving rise to the charges. He acknowledged that witnesses testified that he had been talking to and struggling with the victim, but he claimed that no one testified to seeing him shoot the victim or having possession of a gun. Benton also alleged that while in prison he learned of a previously unknown eyewitness, Tony Lavon Williams. Benton asserted that neither he nor his trial attorney previously knew of Williams' identity, location, or proposed testimony and that Williams' testimony would have demonstrated that Benton was innocent. An affidavit from Williams was attached to the motion.
In the affidavit, Williams stated that on the day in question, he saw the victim speaking with a man other than Benton. The victim and the man walked behind a tree and Williams turned away. After about two minutes, Williams heard a scream and a gunshot. He turned around and saw the man and the victim struggling over something in the man's hands and then the victim fell to the ground. Williams stated that he did not see Benton with a gun that day.
The judge who considered the postconviction motion was not the same judge who had conducted the trial and sentencing. In the order denying relief, the postconviction judge referred to comments made by the trial judge. A portion of the sentencing hearing transcript was attached to the order denying relief and reflects that the trial judge stated the following:
And the issue in this case was identification. There were four, as I recall, four witnesses who identified Mr. Benton as being the shooter. And the Court concluded that those identifications were correct. The jury obviously *92 concluded that they were not sure whether they were correct. I don't know what they concluded.
On the basis of these comments, the postconviction judge concluded that it was unlikely that the newly discovered evidence would support an acquittal on retrial.
In reviewing the denial of Benton's motion, "the claims must be either facially invalid or conclusively refuted by the record." Peede v. State, 748 So.2d 253, 257 (Fla.1999); see also McLin v. State, 827 So.2d 948, 954 (Fla.2002). Absent an evidentiary hearing, the defendant's factual allegations must be accepted to the extent they are not refuted by the record. Peede, 748 So.2d at 257. In McLin, the Florida Supreme Court noted that an evidentiary hearing may not be required where the newly discovered evidence is "obviously immaterial" to the verdict. 827 So.2d at 956 (citing Robinson v. State, 736 So.2d 93, 93 (Fla. 4th DCA 1999)). Ordinarily, however, an evidentiary hearing is required for the trial court to determine whether the newly discovered evidence would probably produce an acquittal on retrial. Id. at 956; Jones v. State, 591 So.2d 911, 915 (Fla.1991).
In making this determination, "the judge will necessarily have to evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial," so that the appellate court can "fully evaluate the quality of the evidence which demonstrably meets the definition of newly discovered evidence."
McLin, 827 So.2d at 956 (quoting Jones, 591 So.2d at 916).
Benton's allegation that none of the trial witnesses testified they had seen him with a gun or shoot the victim was unrefuted. Additionally, in his affidavit Williams stated that someone other than Benton was struggling with the victim and that he did not see Benton with a gun. While Williams did not see the actual shooting, his affidavit unmistakably suggests that someone other than Benton shot the victim.
The limited record that is before us does not demonstrate that the evidence contained in Williams' affidavit is "obviously immaterial." Further, because much of what Benton alleged was unrefuted, an evidentiary hearing is required for the trial court to determine whether the new evidence would probably produce an acquittal on retrial. The portion of the sentencing transcript attached to the order denying relief reflects that identity was an issue at trial. The excerpt also contains the trial judge's observation that the judge and the jury came to differing conclusions as to whether the witnesses correctly identified Benton as the perpetrator. These differing conclusions, which apparently flowed from a single trial, are evidenced by the jury's acquittal of Benton for murder and armed robbery and the trial judge's convicting Benton of possession of a firearm by a felon.
Because the record excerpt attached to the order denying relief did not conclusively refute Benton's claim and because the evidence identified in Williams' affidavit is not "obviously immaterial," we reverse and remand for an evidentiary hearing, including a determination of whether the evidence is, in fact, newly discovered.
Reversed and remanded.
WHATLEY and VILLANTI, JJ., concur.