884 So.2d 322 (2004)
Randy ROUNDTREE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-532.
District Court of Appeal of Florida, Second District.
September 8, 2004.
KELLY, Judge.
Randy Roundtree challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of *323 Criminal Procedure 3.850. We affirm without comment as to grounds one, two, three, five, and six of the motion. Because Roundtree made facially sufficient claims for relief in grounds four and seven, we reverse and remand.
Roundtree was found guilty by a jury of armed robbery and sentenced to thirty years in prison as a Prison Releasee Reoffender (PRR).
In ground four of his motion, Roundtree alleged that his codefendant had just recently admitted that he had not testified on Roundtree's behalf because he had been coerced by the State. Roundtree alleged that his codefendant would have testified that Roundtree had no role in planning or committing the robbery and that Roundtree had no knowledge that a robbery would take place. Roundtree alleged that this testimony would have refuted the State's argument that Roundtree acted as a lookout during the robbery. These allegations are sufficient to state a prima facie claim of newly discovered evidence. See McLin v. State, 827 So.2d 948 (Fla.2002); Keen v. State, 855 So.2d 117 (Fla. 2d DCA 2003). It appears that the trial court denied Roundtree's claim because he failed to attach an affidavit. However, rule 3.850 does not require the filing of supporting affidavits; it only requires a brief statement of facts in support of the motion. See Valle v. State, 705 So.2d 1331 (Fla.1997); Smith v. State, 837 So.2d 1185 (Fla. 4th DCA 2003). Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing on this ground.
In ground seven of his motion, Roundtree alleged that before trial, the State offered a sentence of fifty-four months in prison in exchange for a nolo contendere plea. Roundtree alleged that his trial counsel was ineffective during the plea negotiation because she failed to advise Roundtree that he could face an enhanced sentence as a PRR if he rejected the offer. Roundtree also alleged that he would have accepted the plea offer had he been properly advised of the possible penalties and that acceptance of the offer would have resulted in a lesser sentence of fifty-four months in prison with no PRR designation. This is a facially sufficient claim of ineffective assistance of counsel. See Murphy v. State, 869 So.2d 1228 (Fla. 2d DCA 2004). The trial court's order did not refute this claim. Accordingly, we reverse and remand for the trial court to reconsider the claim and either attach portions of the record that conclusively refute the claim or conduct an evidentiary hearing.
Reversed and remanded.
WHATLEY and SALCINES, JJ., concur.