946 So.2d 30 (2006)
David A. BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2992.
District Court of Appeal of Florida, Second District.
April 5, 2006.
Rehearing Denied May 24, 2006.
PER CURIAM.
David A. Butler appeals the summary denial of his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. Butler raised seven claims in his motion. We affirm six of Butler's claims without comment but reverse and remand for an evidentiary hearing on the remaining claim.
Butler was charged with burglary, grand theft of a motor vehicle, and possession of marijuana. The jury acquitted Butler on the grand theft of a motor vehicle and possession of marijuana charges but found him guilty of the lesser-included offense of trespass of an occupied structure or conveyance.
In claim six of his motion, Butler alleged that two key prosecution witnesses, David Butler Jr. (Butler's minor son) and Joanne Kassis (David Butler Jr.'s mother), had testified falsely at trial. Attached to the motion is an affidavit executed by Kassis in which she stated that both she and her son were recanting their trial testimony. In the affidavit, Kassis asserted Butler's innocence and claimed that she and her son had lied at Butler's trial. Kassis stated that although her son had told her prior to trial that he had allowed Butler into their residence on the night of the alleged offense, she had testified falsely at trial that she did not know how Butler had gained entry. Kassis also stated that her son had lied at trial and that he now admitted that he had gotten up and opened the door for Butler to enter. Butler alleged that if his son had testified truthfully *31 at trial that he had opened the door for Butler, the jury would have acquitted him of the lesser-included offense of trespass of an occupied structure or conveyance. Butler's motion is facially sufficient to state a claim of newly discovered evidence based on the recantation by the State's key witnesses of their trial testimony. See McLin v. State, 827 So.2d 948 (Fla.2002); Keen v. State, 855 So.2d 117 (Fla. 2d DCA 2003).
The postconviction court denied Butler's claim on the ground that the affidavit from Kassis was not sufficient to show that her son was recanting his trial testimony. At this stage in the proceedings, Kassis' affidavit asserting that both she and her son were recanting their trial testimony was sufficient to warrant an evidentiary hearing. See Hilbert v. State, 666 So.2d 1059 (Fla. 5th DCA 1996). Moreover, "rule 3.850 does not require the filing of supporting affidavits; it only requires a brief statement of facts in support of the motion." Roundtree v. State, 884 So.2d 322, 323 (Fla. 2d DCA 2004) (citing Valle v. State, 705 So.2d 1331 (Fla.1997), and Smith v. State, 837 So.2d 1185 (Fla. 4th DCA 2003)). Based on the limited record before us and taking the motion's allegations and the affidavit as true, we conclude that Butler's allegations are legally sufficient to warrant an evidentiary hearing on his claim. See Jones v. State, 591 So.2d 911 (Fla.1991). Accordingly, we reverse the order to the extent that it summarily denied claim six of Butler's motion, and we remand for an evidentiary hearing on that claim only. We affirm the order in all other respects.
Affirmed in part, reversed in part, and remanded.
KELLY and WALLACE, JJ., Concur.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
Mr. Butler is not currently serving any sentence related to this offense, which occurred in 2002. He was convicted of a misdemeanor in this case and sentenced to nine months in jail. He is now in prison due to unrelated felonies. It appears likely that the time he spent in jail for this misdemeanor also served as jail credit in the unrelated felonies.
He has filed a postconviction proceeding seeking relief from the misdemeanor. He attaches an affidavit from Ms. Kassis, the mother of his child, in which she confesses that she committed perjury in an official proceeding and that their son, who must now be approximately ten years old, also testified falsely at his trial. Thus, to relieve himself of one misdemeanor on his criminal record, Mr. Butler is attempting to establish that the mother of his son committed a third-degree felony. See § 837.02(1), Fla. Stat. (2002). Because the time to file a postconviction motion under rule 3.850 is extended by an appeal and, thus, can be longer than the time limitations period for prosecution of a third-degree felony, Ms. Kassis probably can no longer be prosecuted for this offense (unless the false statement is actually in the affidavit). See § 775.15, Fla. Stat. (2002).
I agree that our opinion is an accurate statement of the facts in this case and a correct application of the law. Providing this level of postconviction relief for such a misdemeanor, especially when the defendant is serving a long term of imprisonment for other felonies, just seems like an odd use of government resources.