WALLACE, Judge.
Demetrius D. Spires challenges the postconviction court’s order that summarily denied his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the order in all respects except on claim one of Spires’ motion. Because claim one presents a facially sufficient claim that is not refuted by the record attachments, we reverse the order as it relates to that claim.
In claim one of his motion, Spires alleged that his counsel failed to investigate, depose, and call Tony Sorey as a witness. According to Spires, Gloria Bryant was the State’s key witness at trial. Bryant, who claimed to be an eyewitness to the crime, provided details concerning the offense and identified Spires as the perpetrator. Spires explained that the State had no physical evidence linking him to the crime and that the State largely based its case on Bryant’s testimony. The theory of the defense was that Bryant fabricated her testimony. Therefore, it was critical for the defense to identify inconsistencies between her testimony and the testimony of other witnesses. Spires contended that Sorey’s testimony would have helped the defense because Sorey would have testified that Bryant was not an eyewitness and that she did not see or hear any of the matters to which she testified at trial.
Spires’ claim one is a model and facially sufficient Nelson[1] claim. In addition to the allegations of claim one as described above, Spires identifies the witness, alleges the witness’s availability for trial, provides a brief statement of the witness’s potential testimony, and explains how the omission of the witness’s testimony prejudiced the outcome of the trial. The postconviction court’s record attachments do not conclusively refute the allegations of claim one. Therefore, in the absence of an evidentiary hearing, we must accept the allegations of claim one as true. See Peede v. State, 748 So.2d 253, 257 (Fla.1999); Benton v. State, 884 So.2d 90, 92 (Fla. 2d DCA 2004). Accordingly, we reverse and remand for the postconviction court to reconsider claim one of Spires’ motion and either to attach additional record attachments that conclusively refute the claim or to conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
KELLY and LaROSE, JJ., Concur.

. Nelson v. State, 875 So.2d 579, 582-83 (Fla.2004).