SILBERMAN, Judge.
 

 Renard Davis appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal
 
 *278
 
 Procedure 3.850. We reverse and remand for further proceedings.
 

 In April 1990, Davis was convicted of attempted armed robbery and first-degree felony murder. The convictions were affirmed on appeal.
 
 See Davis v. State,
 
 590 So.2d 1071 (Fla. 2d DCA 1991). Davis filed his postconviction motion in June 2009 claiming that Tony Brown was a key State witness whose testimony served to implicate Davis as the shooter in the botched robbery attempt. The motion alleged that at trial Brown denied ever being involved with selling drugs and testified falsely that he had no pending criminal charges. Davis claimed a Giglio
 
 [1]
 
 violation, alleging that Brown had pending charges and had a secret deal with the State calling for Brown to be sentenced to two years’ community control instead of prison, in exchange for Brown’s testimony against Davis. Attached to the motion are Brown’s plea and sentencing documents for several charges and a portion of his trial testimony. Davis alleged that in September 2008, Brown contacted Talvin Bowman and told Bowman that he had testified falsely in exchange for the no prison deal, that the State was aware of the false testimony and agreed to not delve into it, that Davis was not the person who shot the victim, and that the shotgun blast was an accident.
 

 “To establish a
 
 Giglio
 
 violation, it must be shown that: (1) the testimony given was false; (2) the prosecutor knew the testimony was false; and (3) the statement was material.”
 
 Guzman v. State,
 
 868 So.2d 498, 505 (Fla.2003). The post-conviction court denied the claim. The court first reasoned that because Davis never received recantation evidence himself, but only through Talvin Bowman, the claim was merely based on inadmissible hearsay. The court’s reasoning is erroneous because the fact that Davis’s allegations rely on hearsay does not render his claim insufficient.
 
 See Butler v. State,
 
 946 So.2d 30, 31 (Fla. 2d DCA 2006) (reversing denial of motion where allegations were based in part on hearsay and noting that rule 3.850 only requires a brief statement of facts in support of the motion and does not require supporting affidavits). Davis’s motion is facially sufficient to state a claim of newly discovered evidence based on the recantation by the State’s witness of his trial testimony.
 
 See id.
 

 The postconviction court also reasoned that Davis’s trial counsel was aware of Tony Brown’s pending charges. This finding is confirmed by the trial transcript excerpt attached to Davis’s motion. Counsel referred to the fact that Brown had pending possession and sale charges, and the limited excerpt attached to the motion does not reflect that Brown denied that he had pending charges.
 

 The postconviction court stated that “the attachments included by Defendant with his Motion show that when Tony Brown was asked if he had pending charges, his answer of no was correct as Mr. Brown had resolved those charges on February 27, 1990, prior to the Defendant’s trial.” This finding misconstrues the documents attached to Davis’s motion. One of the documents is a plea agreement that was signed by the assistant state attorney on February 27, 1990. The agreement called for Davis to enter a plea to sale of cocaine and possession of cocaine with intent to sell in case number 89-5366 and to resisting without violence and possession of cocaine in case number 90-0526. The agreement indicates that a sentence of either two years’ community control and probation or two years’ imprisonment and pro
 
 *279
 
 bation would be imposed.
 
 [2]
 
 An attached judgment shows that Brown was sentenced in May 1990 to the two years’ community control in 90-0526 concurrent with 89-5366. Thus, these documents seem to confirm that Brown was awaiting sentencing at the time he testified in April 1990 and that he had a plea agreement with the State calling for community control or prison.
 

 Finally, the court reasoned that there is no indication that Brown’s testimony was false when he testified that he was not selling drugs on the night of the shooting. It is not clear how the postconviction court could have made this finding without first conducting an evidentiary hearing on the alleged newly discovered evidence.
 

 The claim that Brown testified falsely as to Davis’s involvement in the shooting, with the State’s knowledge, in order to get a deal for no prison time on his pending charges is not refuted by attachments to the postconviction court’s order. Therefore, we reverse and remand for the postconviction court to reconsider Davis’s claim. On remand, the postconviction court shall either attach those portions of the record that conclusively refute the claim or conduct an evidentiary hearing on the issue.
 
 See Benton v. State,
 
 884 So.2d 90, 92 (Fla. 2d DCA 2004).
 

 Reversed and remanded.
 

 KELLY and VILLANTI, JJ., Concur.
 

 [1]
 

 .
 
 Giglio v. United States,
 
 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
 

 [2]
 

 . The statement as to two years’ community control and probation was circled on the form.