ALTENBERND, Judge.
Matthew David Robinson appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Mr. Robinson claims that the State committed a Giglio[1] violation that resulted in the denial of his dis-positive motion to suppress. The trial court denied the motion on the basis that this issue was proeedurally barred and was not cognizable under rule 3.850 because it could be, and in fact was, raised on direct appeal. Although the trial court’s reasoning was incorrect or perhaps poorly explained, on full review of the motion we conclude that the motion does not allege a Giglio violation. Because the trial court had already given Mr. Robinson an opportunity to amend this motion, the trial court properly denied it.
To establish a Giglio violation, a defendant must show that: (1) a witness presented false testimony; (2) the prosecutor knew the testimony was false; and (3) the statement was material. See Robinson v. State, 707 So.2d 688, 693 (Fla.1998) (citing Craig v. State, 685 So.2d 1224, 1226 (Fla.1996)). Although such a claim is occasionally made on direct appeal,[2] a Giglio violation is typically raised in a postconviction motion because these violations are usually discovered after the trial is over.[3] Thus, the trial court’s suggestion that such a claim is not cognizable in a postconviction motion is incorrect. Moreover, we have taken notice of our own records concerning Mr. Robinson’s direct appeal. Mr. Robinson did not raise any Giglio issue in that appeal.
The case arises from an incident that occurred when a police officer went to Mr. Robinson’s apartment building to handle a complaint about excessive noise. When the officer was at the door of the noisy apartment, Mr. Robinson came down the hallway carrying a shoebox. During a consensual encounter with Mr. Robinson, the officer claimed that he shined his flashlight through a small hole in the box and saw plastic baggies containing a white powder. Based on these findings of fact, the trial court denied a motion to suppress, concluding that the officer obtained evidence of the drugs under the “plain view” doctrine. This court affirmed without opinion because the dispositive motion to suppress was properly denied in light of the trial court’s determination of the facts.
Although Mr. Robinson describes his claim as a Giglio violation and uses all of the language necessary to describe such a claim, his factual allegations are not actually allegations of such a violation. Instead, Mr. Robinson believes the officer could not shine his flashlight at the shoe *77 box if he was curious or suspicious about its content. He maintains that the officer could only rely on this evidence if he inadvertently discovered it. He is claiming that the prosecutor had a duty to tell the judge that the evidence was not in plain view and that the judge could not consider the evidence if the officer intentionally shined his light at the hole in the box to determine its contents. In fairness to the trial court, this claim is quite similar to the claim raised on direct appeal.
This claim is simply not a Giglio claim. Moreover, Mr. Robinson’s legal theory is incorrect. Contraband can be discovered in “plain view” during a consensual encounter even if an officer believes that contraband might be located in an area where the officer is entitled to be and the officer is on heightened vigilance to see the contraband. See, e.g., Roberts v. State, 566 So.2d 848, 850 (Fla. 5th DCA 1990) (noting that during a consensual encounter, “the use of a flashlight to illuminate the interior of a vehicle does not violate Fourth Amendment rights, even though an officer may specifically be looking at an area of suspicious activity”). Law enforcement officers often augment plain view with a flashlight. See, e.g., State v. Goodwin, 36 So.3d 925, 927 (Fla. 4th DCA 2010); State v. Elbertson, 340 So.2d 1250, 1251 (Fla. 3d DCA 1976).
Accordingly, because Mr. Robinson’s theory was not a viable legal theory on which he could obtain postconviction relief and the trial court had already given him an opportunity to amend the motion, the trial court did not err in denying the motion without further leave to amend.
Affirmed.
KHOUZAM and MORRIS, JJ., Concur.

. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

. See, e.g., Mackey v. State, 55 So.3d 606 (Fla. 4th DCA 2011) (remanding on direct appeal for consideration of a motion for new trial raising a Giglio issue).

.See, e.g., Rodriguez v. State, 39 So.3d 275 (Fla.2010); Davis v. State, 31 So.3d 277 (Fla. 2d DCA 2010).