PER CURIAM.
The appellant challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one and three of the motion without further discussion. However, we reverse and remand the denial of ground two, the appellant’s claim that he rejected a plea based on the misadvice of counsel as to the applicability and consequences of the prison releasee reoffender statute, for an evidentiary hearing. See Cottle v. State, 733 So.2d 963 (Fla.1999); Roundtree v. State, 884 So.2d 322 (Fla. 2d DCA 2004) (holding that claim of ineffective assistance of counsel regarding rejected plea was facially sufficient where defendant alleged counsel failed to advise him that he faced enhanced sentence as a PRR, that he would have accepted plea, and that acceptance of offer would have resulted in lesser sentence); see also Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (U.S.2012) (holding that defendant can claim ineffective assistance of counsel in the context of a rejected plea and that to establish the prejudice prong of the Strickland test, the defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances, and also that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer’s terms would have been less severe than under the judgment and sentence that in fact were imposed).
*935 AFFIRMED in part, REVERSED and REMANDED in part.
WOLF, ROWE, and SWANSON, JJ„ concur.