PER CURIAM.
We reverse the trial court’s order denying appellant’s motion for post conviction relief to the degree appellant states a claim under Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and remand for an evidentiary hearing on that issue. Appellant filed affidavits supporting the contention that at his 1985 trial, State eyewitness Patrick Menil-lo gave false testimony, that he has since recanted, and that the prosecutor knew he was presenting false testimony at the time of the trial. “To establish a Giglio violation, [appellant] must show: (1) that the testimony was false; (2) that the prosecutor knew the testimony was false; and (3) that the statement was material. If there is a reasonable possibility that the false evidence may have affected the judgment of the jury, a new trial is required.” Craig *652 v. State, 685 So.2d 1224, 1226 (Fla.1996) (citation omitted); see also Butler v. State, 946 So.2d 30, 31 (Fla. 2d DCA 2006); Davis v. State, 31 So.3d 277, 278 (Fla. 2d DCA 2010); Cueto v. State, 88 So.3d 1064, 1067 (Fla. 3d DCA 2012).
We affirm the circuit court’s ruling on all other issues raised in appellant’s motion.

Affirmed in part, reversed in part, and remanded.

DAMOORGIAN, C.J., GROSS and GERBER, JJ., concur.