VILLANTI, Judge.
Jason M. Johnson appeals the denial of his motion and several amended motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Johnson raises nine claims of error in this appeal; however, we affirm on all claims except one. As to Johnson’s claim asserting that the State violated Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), we reverse and remand for the postconviction court to address the claim on its merits.
Johnson raised his Giglio claim for the first time in his motion for postcon-viction relief. In that claim, he asserted that the State allowed a witness’s false testimony at trial to go uncorrected even though the prosecutor knew the testimony was false.[1] The postconviction court denied this claim on the basis that it was procedurally barred because Johnson could have raised it on direct appeal. However, this court has held that Giglio claims may be cognizable in a postconviction motion when the issue has not been raised on direct appeal. Robinson v. State, 65 So.3d 75, 76 (Fla. 2d DCA 2011) (citing Rodriguez v. State, 39 So.3d 275 (Fla.2010); and Davis v. State, 31 So.3d 277 (Fla. 2d DCA 2010)). Moreover, the supreme court has held that “ ‘a conviction obtained by the knowing use of perjured testimony is fundamentally unfair ... [for it] involve[s] a corruption of the truth-seeking function of the trial process.’ ” *157 Johnson v. State, 44 So.3d 51, 53 (Fla. 2010) (quoting United States v. Agurs, 427 U.S. 97, 103-04, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (emphasis added)). The State’s use of perjured testimony to secure a conviction could amount to the denial of a defendant’s substantive due process rights. See Nwpue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Mooney v. Holohan, 294 U.S. 103, 112-13, 55 S.Ct. 340, 79 L.Ed. 791 (1935). And a claim alleging the denial of a defendant’s substantive due process rights may be raised at any time, including for the first time in a motion for postconviction relief. See, e.g., Hughes v. State, 22 So.3d 132, 136 (Fla. 2d DCA 2009) (quoting Haliburton v. State, 7 So.3d 601, 605-06 (Fla. 4th DCA 2009)).
Here, while Johnson could have raised his Giglio claim on direct appeal, he did not. Under this court’s decision in Robinson, Johnson’s failure to raise this claim on direct appeal does not render it proeedurally barred. And because the claim alleges a violation of Johnson’s substantive due process rights that would otherwise be cognizable under rule 3.850(a)(1), the post-conviction court should have considered the claim on its merits even though it was raised for a first time in Johnson’s post-conviction motion.
Accordingly, we reverse the summary denial of this single claim and remand for the postconviction court to consider it on the merits. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded for further proceedings.
CASANUEVA and SILBERMAN, JJ„ Concur.

. "[T]he State may commit [a Giglio ] violation either by deliberately presenting false evidence or by allowing false evidence to go uncorrected when it appears.” Spencer v. State, 842 So.2d 52, 70 (FIa.2003) (citing Gig-lio, 405 U.S. at 153, 92 S.Ct. 763).