IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENNETH ROBINSON,

      Appellant,

v.                                                                    Case No.  5D16-43

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 15, 2016

3.850 Appeal from the Circuit Court
for Lake County,
William G. Law, Jr, Judge.

Kenneth Robinson, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Kenneth Robinson appeals the trial court's summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, asserting

newly discovered evidence.  We reverse.

Robinson's untimely and otherwise successive motion for postconviction relief

asserted newly discovered evidence.  In sum, he alleged that a fellow inmate would testify

that the State's main witness against Robinson recanted his testimony and admitted lying at Robinson's trial. Under rule 3.850(c), "[i]f the defendant is filing a newly discovered evidence claim based on . . . a newly discovered witness, the defendant shall include an affidavit from that person as an attachment to his or her motion. . . . If the affidavit is not attached to the motion, the defendant shall provide an explanation why the required affidavit could not be obtained." Here, Robinson acknowledged that he had not attached an affidavit from the witness to his motion. Instead, he contends that no such supporting affidavit was required; only a brief statement of facts in support of the motion. See Roundtree v. State, 884 So. 2d 322, 323 (Fla. 2d DCA 2004). While Robinson correctly recites Roundtree's holding, that principle is no longer valid in light of the amendment to rule 3.850(c), effective July 1, 2013. See In re Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure, 132 So. 3d 734, 738 (Fla. 2013) ("We amend subdivision (c) (Contents of Motion) in several ways, as proposed. . . . [I]t is amended to require that newly discovered evidence claims be supported by affidavits attached to the motion."). Further, while the trial court considered this matter on its merits, the record attachments do not conclusively refute this claim.

Because Robinson's motion was facially insufficient, the trial court should have stricken it with leave to amend within the time frame provided by rule 3.850(b)(1). We reverse for further proceedings consistent with this opinion.

REVERSED and REMANDED.

ORFINGER, WALLIS and EDWARDS, JJ., concur.