666 So.2d 1059 (1996)
Randy HILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2386.
District Court of Appeal of Florida, Fifth District.
February 2, 1996.
Randy Hilbert, Sanderson, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Judge.
Appellant seeks review of his rule 3.850 motion for post-conviction relief based on newly-discovered evidence. Because we conclude the motion is sufficient to warrant an evidentiary hearing, we reverse and remand to the lower court for this purpose.
The lower court's reasons for summarily denying relief were: (1) the affidavit of Roberta Everson that the victim told her that appellant did not commit the crime of which he was convicted was insufficient because the affiant had not testified at trial and (2) the report of the alleged recantation was stale. As to the first issue, at this stage, the affidavit of a person to whom the victim allegedly recanted can be sufficient to warrant a hearing. See Jones v. State, 591 So.2d 911 (Fla. 1991). As to the second issue, the delay is not fatal if credibly explained. Counsel should be appointed, if necessary, to adequately develop the facts.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.