PER CURIAM.
We find no error in the court’s finding that appellant [“Long”] willfully and substantially violated probation, but we agree that the sentences imposed on resentencing after violation of probation must be vacated and corrected. Principally, the lower court combined Long’s two consecutive fifteen-year sentences and indicated on the community control/probation order that his sentence for the two original offenses would be thirty years. An asterisk referenced a comment as follows: “balance from original sentence.” The lower court should not have combined the two probationary terms because each offense must have its own sentence.[1] More important, each such sentence must be legal. A sentence of thirty years’ probation for the second-degree felony of lewd assault exceeds the statutory maximum. Additionally, the court should have computed and reflected in the sentence any time already served.[2] See State v. Summers, 642 So.2d 742 (Fla.1994). Accordingly, the sentence is vacated and remanded for correction.
SENTENCES VACATED and REMANDED.
COBB, GRIFFIN and THOMPSON, JJ., concur.

. See Fla.R.Crim.P. 3.701(d)12.

. “Credit for time served” was Long’s only complaint on appeal concerning the sentence.