677 So.2d 312 (1996)
William Leslie LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2933.
District Court of Appeal of Florida, First District.
March 13, 1996.
*313 Appellant pro se.
No appearance for Appellee.
PER CURIAM.
William Leslie Lee appeals the trial court's summary denial of his motion pursuant to Florida Rule of Criminal Procedure 3.850, which seeks to set aside his conviction for capital sexual battery. The conviction was affirmed on direct appeal. Lee v. State, 641 So.2d 164 (Fla. 1st DCA 1994). We conclude that points I, V-VIII, IX, X, and XII-XIV might have been raised on direct appeal or are otherwise without merit and affirm the denial of relief as to those alleged errors. We find allegations under points II-IV and XI facially sufficient, however, and reverse and remand for further proceedings.
Under point II, Lee alleges that trial counsel was ineffective in failing to "investigate, subpoena, or call" two witnesses, Joseph Herndon and Jasper Busby, who were allegedly "available, crucial witnesses" for the defense. Mr. Herndon's purported testimony (also the subject of point VIII) would not have been relevant, as far as can be told from the motion. On the other hand, according to appellant, Jasper Busby would have testified that "he had often seen the child-victim in this case playing outside near the home ... riding home-made stickhorses ... [a]nd that on one occasion he was aware she had injured herself on the stick." Appellant contends that Mr. Busby's testimony could have explained the child victim's injuries, and thus altered the outcome of the trial. Contrary to the trial court's ruling below, this testimony would not have been inadmissible on the ground that Busby was not shown to be a medical expert. We cannot conclusively determine from the record that Busby's purported testimony would not have had the impact ascribed to it by appellant. We therefore reverse and remand for further proceedings on this allegation.
We likewise reverse and remand the trial court's rejection without an evidentiary hearing of Mr. Lee's allegation in point III that trial counsel was ineffective for failing to communicate to appellant specific offers for a reduced charge and sentences ranging from five to fifteen years in exchange for a guilty plea. Appellant alleged that, had he known of the plea offers, he would have accepted them and received a sentence less than the life sentence he is currently serving. Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994).
*314 The allegations in point IV that trial counsel was ineffective for informing appellant that he had no speedy trial rights, for refusing repeated requests to file motions asserting speedy trial rights, even after the 175-day speedy trial window closed, and for waiving the right to speedy trial without appellant's consent were also inappropriate for summary disposition. The record on appeal does not refute these allegations.
Finally, we reverse and remand the trial court's denial as to point XI, which alleges "newly discovered evidence" consisting of a key Williams rule witness's recantation of trial testimony she gave concerning sexual abuse by Mr. Lee. The trial court, treating the allegation of recantation as facially sufficient, rejected the merits of the claim on the basis that, because appellant consistently denied sexually abusing the Williams rule witness, any evidence suggesting that she testified falsely could not be "newly discovered" as a matter of law. This was error. See Spaziano v. State, 660 So.2d 1363, 1365-66 (Fla.1995), cert. denied Spaziano v. Florida, ___ U.S. ___, 116 S.Ct. 722, 133 L.Ed.2d 674 (1996) (treating untimely motion for rehearing based on alleged recantation of testimony by state witness as a motion under Rule 3.850 and directing trial court to conduct evidentiary hearing). See also, Hilbert v. State, 666 So.2d 1059 (Fla. 5th DCA 1996) (reversing denial and remanding for evidentiary hearing Rule 3.850 allegation of recantation of testimony by state witness); Venuto v. State, 615 So.2d 255 (Fla. 3d DCA 1993) (recantation of testimony by key state witness may require new trial; evidentiary hearing is required to make that determination).
Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing to resolve issues raised in points II-IV and XI or to attach portions of the record conclusively establishing that appellant is not entitled to relief.
WOLF, MICKLE and BENTON, JJ., concur.