736 So.2d 93 (1999)
James ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4122.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
James Robinson, Florida City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James Robinson appeals the denial of his postconviction motion in which he raised several claims. We affirm the denial of relief on all grounds alleged, except for his claim of newly discovered evidence based on state's witness Christopher Sliwa's recantation of his trial testimony.
Robinson's motion attached an affidavit from Sliwa in which Sliwa stated that he had testified falsely at trial in order to obtain favorable treatment in his own criminal case. Recantation by a state witness does not necessarily entitle a defendant to a new trial. Florida law treats recantations with suspicion, and requires a new trial only if the court is satisfied that the recantation is true and that "the witness's testimony will change to such an extent as to render probable a different verdict." Armstrong v. State, 642 So.2d 730, 735 (Fla.1994), cert. denied, 514 U.S. 1085, 115 S.Ct. 1799, 131 L.Ed.2d 726 (1995).
An evidentiary hearing is usually required to make that determination. See e.g., Hilbert v. State, 666 So.2d 1059, 1059 (Fla. 5th DCA 1996); Venuto v. State, 615 So.2d 255, 256 (Fla. 3d DCA 1993). In this case, the trial court denied relief after reviewing the entire trial record and Sliwa's affidavit, but without hearing any evidence. After conducting the same review, we cannot conclude that Sliwa's affidavit was inherently incredible or that his trial testimony was obviously immaterial to the verdict, so as to allow the trial court to reject his recantation without holding an evidentiary hearing.
We therefore reverse the summary denial of Robinson's motion in part, and remand with direction to hold an evidentiary hearing on this allegation only.
DELL, WARNER and TAYLOR, JJ., concur.