829 So.2d 945 (2002)
Theodore STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2228.
District Court of Appeal of Florida, First District.
October 30, 2002.
James T. Miller, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief, through which he sought a new trial on the ground that one of the state's witnesses has since recanted her testimony. Because the trial court did not conduct an evidentiary hearing, we reverse.
Recantation evidence is considered to be a type of newly discovered evidence, and therefore, the same test applies to recantation evidence as to other types of newly discovered evidence. See Murrah v. State, 773 So.2d 622, 623 (Fla. 1st DCA 2000). To be newly discovered, evidence must be such that neither the appellant, his counsel, nor the trial court *946 could have discovered the facts in the report at the time of trial through the exercise of due diligence, and must be such that it would probably produce an acquittal on retrial. See Jones v. State, 709 So.2d 512, 521 (Fla.1998), cert. denied, Jones v. State, 523 U.S. 1040, 118 S.Ct. 1350, 140 L.Ed.2d 499 (1998). These determinations require an evidentiary hearing in the context of recantations, unless the affidavit is inherently incredible or obviously immaterial to the verdict. See Robinson v. State, 736 So.2d 93 (Fla. 4th DCA 1999); Venuto v. State, 615 So.2d 255 (Fla. 3d DCA 1993). This affidavit is neither.
Therefore, the appellant is entitled to an evidentiary hearing. Accordingly, we hereby REVERSE the trial court's order and REMAND for an evidentiary hearing.
BARFIELD, MINER, and POLSTON, JJ., concur.