858 So.2d 1229 (2003)
Jack Donald BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0506.
District Court of Appeal of Florida, First District.
November 13, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
*1230 PER CURIAM.
The appellant challenges the trial court's summary denial of his rule 3.850 motion. The appellant was convicted after a jury trial for arson and burning to defraud an insurer. The appellant claims that he has newly discovered evidence, which if known at trial would probably have resulted in his acquittal, in the form of a new affidavit by a codefendant acknowledging that this codefendant lied at trial in implicating the appellant as a principal in an arson as having paid the codefendant to commit the arson.
Recantation evidence is a type of newly discovered evidence. See Stephens v. State, 829 So.2d 945, 945 (Fla. 1st DCA 2002). To be newly discovered, the evidence must be such that neither the appellant, his counsel, nor the trial court could have discovered the facts in the affidavit at the time of trial through the exercise of due diligence, and must be such that it would probably produce an acquittal on retrial. See Jones v. State, 709 So.2d 512, 521 (Fla.1998), cert. denied, 523 U.S. 1040, 118 S.Ct. 1350, 140 L.Ed.2d 499 (1998).
The trial court summarily denied the appellant's claim because at trial the appellant had presented testimony by another prisoner that the appellant's codefendant had told this other prisoner that he had been pressured to lie about the appellant's involvement in the arson in order to cut himself a deal. The trial court reasoned that the appellant had therefore known at trial that the codefendant was lying, and thus the fact of the codefendant's lying could not constitute newly discovered evidence. In this regard, the trial court erred.
Even though the appellant knew at trial that the codefendant was lying, the appellant could not have gotten the codefendant to admit that he was lying earlier, and thus the recantation is newly discovered evidence that could not have been obtained earlier with due diligence. See Lee v. State, 677 So.2d 312, 314 (Fla. 1st DCA 1996); Kendrick v. State, 708 So.2d 1011, 1012 (Fla. 4th DCA 1998); Cammarano v. State, 602 So.2d 1369, 1371 (Fla. 5th DCA 1992).
Since the codefendant's testimony appears to have been key in obtaining the appellant's conviction, an evidentiary hearing is warranted. See McLin v. State, 827 So.2d 948, 954-55 (Fla.2002); Stephens, 829 So.2d at 945-46; Robinson v. State, 736 So.2d 93 (Fla. 4th DCA 1999).
We accordingly reverse the summary denial and remand with instructions for the trial court to conduct an evidentiary hearing.
REVERSED.
ERVIN, BOOTH and KAHN, JJ., concur.