SUAREZ, J.
Thomas Rolle seeks review of an order dismissing his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
Rolle and a co-defendant were convicted of armed robbery of three victims. The victims were ordered to lie face-down while the robbery occurred. Two of the victims were unable to identify either assailant. The third victim testified as state’s witness against Rolle and identified him in court as one of the two men who robbed him.
In 2007, Rolle filed his first rule 3.850 petition claiming newly discovered evidence. Rolle’s motion alleged that the only one of the three victims who had identified him at trial had recanted his testimony against Rolle, and as such requested an evidentiary hearing. The trial court denied relief because the victim’s affidavit was not made under oath and contained no language of penalty of perjury. See Stephens v. State, 829 So.2d 945 (Fla. 1st DCA 2002); see Robinson v. State, 736 So.2d 93 (Fla. 4th DCA 1999) (holding that while an evidentiary hearing is “usually required to make that determination,” summary denial is authorized where “the purported recantation testimony is neither sworn nor particularized”); Davidson v. State, 638 So.2d 626 (Fla. 3d DCA 1994) (unsworn recantation).
Rolle’s present motion raised the same claim, but this time the victim’s amended affidavit did contain the required language and was made under oath. The trial court denied this petition not on the merits, but based on successiveness. The motion was not, however, successive. Once the affidavit was cured of its procedural defects, the court should have held an evidentiary hearing to determine whether the recantation was valid, and if so, whether that would have had an effect on the outcome of trial. This is especially true given that the victim was the sole state’s witness to identify Rolle as a perpetrator.
Because the allegations are not refuted by the record, we remand for a hearing to determine whether the evidence was not known by the trial court, the parties or counsel at the time of trial, and that neither the defendant nor defense counsel could have known of such evidence by the use of diligence, and to determine whether the newly discovered evidence is of such a *113 nature that it would probably produce an acquittal on retrial or yield a less severe sentence. See Jones v. State, 591 So.2d 911 (Fla.1991); Keen v. State, 855 So.2d 117 (Fla. 2d DCA 2003); see also 15A Fla. Jur.2d § 2211 (2010).
Reversed and remanded.