Corrected Opinion

EMAS, J.
We deny the State’s motion for rehearing. On our own motion, however, we withdraw our previous opinion and substitute the following:
Defendant Jorge Cueto appeals the trial court’s order summarily denying his motion for postconviction relief. We reverse, holding that the trial court erred in summarily denying Cueto’s motion without an evidentiary hearing, and in applying the incorrect standard in assessing the claims raised in Cueto’s motion.
Cueto filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, based upon a claim that the State knowingly presented perjured testimony at his trial. Because the trial court denied the motion without an eviden-tiary hearing, we must accept as true the well-pled allegations in Cueto’s motion.[1]
Cueto alleged in his motion that, in 2008, he was in prison and met another inmate, Angel Medina. Cueto alleged that Medina provided Cueto with information regarding the prosecutor in Cueto’s case, as well as information regarding a witness who testified at Cueto’s trial. The information provided by Medina to Cueto was later memorialized in an affidavit, sworn to by Medina and attached to Cueto’s motion.
Medina’s affidavit avers the following:
1. In 2003 Medina overheard another prisoner, Gilbert Serna, talking about Cue-to’s case. (Serna had testified as a State *1066 witness at Cueto’s trial that while Serna and Cueto were imprisoned together, Cue-to confessed to Serna that he had committed the crime.)
2. Serna told Medina that the prosecutor (who he identified by name), had promised Serna that if he testified against Cue-to at Cueto’s trial, Serna would receive a reduced sentence.
3. When asked at Cueto’s trial whether the State had made any promises to him in exchange for his testimony against Cueto, Serna testified that he had not received any promises from the State, including any promise of a reduced sentence.
4. Serna told Medina that this testimony was false and that in fact the prosecutor had promised Serna he would receive a reduced sentence in exchange for his testimony against Cueto.
5. Serna told Medina that he (Serna) was concerned because the prosecutor was not complying with her promise of a reduced sentence. Serna asked Medina whether he (Serna) could submit an affidavit to get Cueto’s conviction overturned in the event the prosecutor did not comply with the verbal agreement of reducing Serna’s sentence in exchange for the testimony he had provided in Cueto’s case.
6. Medina had written an “expose” called “Win at All Costs”, in which Medina had raised allegations of prosecutorial misconduct in a number of different and unrelated criminal prosecutions. The document, on its face, had been signed and sworn to by Medina on December 7, 2004, and attached to it was a distribution list of intended recipients, which included various media outlets and law enforcement agencies. Included in Medina’s 2004 “expose” was the following:
[the prosecutor] tried and convicted the Cueto, and Julio Ruiz arm (sic) robbery case in which she obtain (sic) a life sentence using the testimony of Gilbert Serna.... [The prosecutor] portrayed Gilbert Serna and Manolo Perdomo testimony to the jury under the pretense that neither Serna nor Perdomo were getting any kind of sentence reduction for their cooperation with the State of Florida. The fact is that [the prosecutor] had a pre arranged verbal agreement with Mr. Serna that his sentence would ultimately be reduced as part of his co-operation in these eases....
7. In 2007, Serna’s sentence was reduced and he is no longer serving a sentence.
8. Medina would testify in court to the averments contained in his affidavit.
Also attached to Cueto’s motion was an excerpt of the trial testimony of Gilbert Serna, in which the prosecutor asks him whether she had promised him anything or offered any “deals”, including a reduced sentence, in exchange for his testimony. Serna answered “No.”
Medina argues that this evidence established, inter alia, that the State violated Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that he was deprived of a fair trial.
The trial court entered an order summarily denying Cueto’s motion without an evidentiary hearing. In its order, the court acknowledged that the Medina affidavit qualified as newly-discovered evidence. However, the court’s basis for summarily denying the motion was that Cueto “failed to meet the second prong as set forth in the case law [for assessing claims of newly-discovered evidence]. The defendant has failed to present reliable or credible evidence in support of his claim. The affidavit from Angel Medina is not of a quality to produce an acquittal based on the overwhelming evidence presented at *1067 trial.” The court then set forth in its order a “summary” of the evidence introduced against Cueto at trial (but did not attach any records or transcripts), and concluded that “the overwhelming weight of all the evidence would lead to a conviction of Defendant and that the alleged newly discovered evidence does not warrant a new trial.”
First, it is essential to distinguish between a claim of newly-discovered evidence and an alleged Giglio violation. While they are to some extent related or overlapping claims, the applicable burden of proof and standard for determining entitlement to relief is different for each.
To establish a claim of newly-discovered evidence, a defendant must meet two requirements:
1. The evidence must be newly-discovered; that is, it was neither known by the defendant or counsel at the time of the trial, nor could it have been discovered in the exercise of due diligence; and
2. The evidence must be of such a quality and nature that it would probably produce an acquittal on retrial.
Jones v. State, 591 So.2d 911, 915 (Fla.1991). See also Taylor v. State, 3 So.3d 986 (Fla.2009).
To establish a Giglio violation, the defendant must show that:
1. The testimony given was false;
2. The prosecutor knew the testimony was false; and
3. The statement was “material.”
Guzman v. State, 868 So.2d 498, 505 (Fla.2003).
Significantly, once a defendant establishes the first two prongs of a Giglio violation—that a prosecutor knowingly presented false testimony at trial—the burden shifts to the State to establish that the false testimony was not “material.” “The State, as the beneficiary of the Giglio violation, bears the burden to prove that the presentation of the false testimony was harmless beyond a reasonable doubt.” Id. at 506. As our Supreme Court has recognized, the Giglio standard is more “defense friendly” and “reflects a heightened judicial concern, and correspondingly heightened judicial scrutiny, where perjured testimony is used to convict a defendant.” Id. at 507 (citing United States v. Bagley 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).
Newly-discovered evidence and Giglio claims therefore differ in at least two material respects:
1. In a claim of newly-discovered evidence, the burden is and remains upon the defendant to establish the claim and to prove prejudice. By contrast, once the defendant establishes a Giglio violation, the burden shifts to the State to prove the absence of prejudice.
2. In a claim of newly-discovered evidence, the standard (which the defendant must meet) is to prove that the newly-discovered evidence would “probably produce an acquittal on retrial.” By contrast, in a Giglio claim, the State must prove that the violation was “harmless beyond a reasonable doubt.”
In this case, Cueto alleged (and the trial transcript confirms) that the prosecutor specifically asked Serna at Cueto’s trial whether he had been promised anything in exchange for his testimony, to which Serna replied “No”. The allegations contained in Cueto’s sworn motion, and supported by Medina’s sworn affidavit, contradict Ser-na’s testimony and establish a well-pled allegation of a Giglio violation. The trial court summarily denied the motion without an evidentiary hearing, making a finding simply that the evidence at trial was overwhelming and that the allegations, if proven, would not meet the two-pronged test for newly-discovered evidence under Jones and Taylor. While we express no com *1068 ment on the ultimate merits of Cueto’s claim or the veracity of Medina’s affidavit, it is evident that the trial court erred in denying this motion without conducting an evidentiary hearing. Where “the record does not conclusively refute [a defendant’s] ... factual allegations that the State knowingly presented false or misleading testimony in violation of Giglio ...” an evidentiary hearing is required. Rivera v. State, 995 So.2d 191, 197 (Fla.2008).
The record does not conclusively refute Cueto’s allegations, and the mere recitation that the evidence at trial was overwhelming (together with a summary of the evidence, without any attachments)[2] is insufficient to permit a summary denial of the motion. Further, the trial court erred in treating the claim as one of newly-discovered evidence rather than a Giglio violation, thereby assessing the claim under an incorrect standard and burden of proof. Finally, a trial court’s assessment of the reliability or credibility of an affi-ant’s assertions ordinarily requires an evi-dentiary hearing.[3] See McLin v. State, 827 So.2d 948, 955-57 (Fla.2002); Jones, 591 So.2d at 916.
Reversed and remanded to the trial court for proceedings consistent with this opinion.

. Hunter v. State, 29 So.3d 256 (Fla.2008); Rivera v. State, 995 So.2d 191 (Fla.2008).

. The State filed a response to Cueto's motion in the trial court, and the response made reference to attachments, including trial transcripts. However, those transcripts or other records were neither attached to the trial court’s order nor made a part of the record on appeal.

. The trial court, in its order, stated: "Even though the Court questions the validity and veracity of Angel Medina's Affidavit, the Court believes that it does qualify as newly discovered evidence or information.” (Emphasis added). Later in its order, the trial court stated:
”[T]he defendant has failed to present reliable or credible evidence in support of his claim. The affidavit from Angel Medina is not of a quality to produce an acquittal based on the overwhelming evidence presented at trial.” (Emphasis added.) Assessments of this kind are more appropriately made following an evidentiary hearing, and such a hearing is all the more necessary where the establishment of a violation would place the burden upon the State to prove that such violation was harmless beyond a reasonable doubt.