IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LENNART S. KOO,

      Appellant,

v.                            CASE NO. 1D12-4866

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 27, 2015.

An appeal from the Circuit Court for Duval County.
James H. Daniel, Judge.

D. Gray Thomas of the Law Office of D. Gray Thomas, Jacksonville, for
Appellant.

Pamela Jo Bondi, Attorney General; Wesley Cross Paxson and Jay Kubica,
Assistant Attorneys General, Tallahassee, for Appellee.


ON MOTION FOR REHEARING

ROBERTS, J.

      The motion for rehearing and rehearing en banc filed September 17, 2014, is

DENIED.

      The opinion of the Court in this case and Judge Wolf's concurrence clearly

point out that the victim's letter is not a recantation in any way, shape, or form.

The letter does not contradict the victim's trial testimony, and it does not provide any information that would tend to rebut any of the elements of the convicted crime. It merely provides after-the-fact speculation concerning the Appellant's possible motive for committing the theft of the firearms. A post hoc rationalization does not require an evidentiary hearing where there is no part of it that could be viewed as a recantation. Therefore, our decision is consistent with any existing precedent.

WOLF, J., CONCURS; MAKAR, J., DISSENTS WITH OPINION.

MAKAR, J., dissenting from the denial of rehearing.

We compound the errors in this direct appeal by standing by the statement that "any evidence in [Dr. Mohammed Saleh's] letter was known to the parties, and as such, it did not qualify as newly discovered evidence." That is directly in conflict with the Florida Supreme Court's analysis in Archer v. State, 934 So. 2d 1187 (Fla. 2006), which found error in a trial court ruling that reached a similar conclusion. The court in Archer said:

> [I]n this case, the postconviction court erred when it rejected the claim [of newly-discovered evidence] based on what the postconviction court concluded was Archer's [defendant's] knowledge of Bonifay's [recantation] testimony at the time of the trial. *We find that a recantation is not precluded from being considered newly discovered evidence simply because the defendant knew, as reflected by what the defendant claimed the facts to be, that the recanting witness was not telling the truth at the time of the trial or because the defendant took the stand to testify contrary to the witness.*

Id. at 1194 (emphasis added). Based on the emphasized language, even if Koo knew that Dr. Saleh was lying at trial, that does not foreclose Dr. Saleh's recantation letter from being "newly discovered evidence" for purposes of this Court's review.

We create confusion, and conflict, by saying to the contrary—not only with Archer, but with our own precedent in Burns v. State, 858 So. 2d 1229 (Fla. 1st DCA 2003), where we said:

3

The trial court summarily denied the appellant's claim because at trial the appellant had presented testimony by another prisoner that the appellant's codefendant had told this other prisoner that he had been pressured to lie about the appellant's involvement in the arson in order to cut himself a deal. The trial court reasoned that the appellant had therefore known at trial that the codefendant was lying, and thus the fact of the codefendant's lying could not constitute newly discovered evidence. In this regard, the trial court erred.

*Even though the appellant knew at trial that the codefendant was lying, the appellant could not have gotten the codefendant to admit that he was lying earlier, and thus the recantation is newly discovered evidence that could not have been obtained earlier with due diligence.*

Id. at 1230 (emphasis added). The common thread of Archer and Burns is that a defendant's knowledge that a witness is lying at trial does not bar a defendant's claim of newly discovered evidence based on that witness's post-trial recantation, a principle now cast in doubt.

Moreover, much like this case, the supreme court in Archer noted that the "recantation clearly offers something new to this case. Indeed, the recantation offers a completely different version of the facts that, if true, could undermine Archer's conviction and sentence." Id. at 1195. Dr. Saleh's recantation is a testamentary turnabout, positing a far different version of motives and actions than he swore to at trial. Archer, again, is on point and supports the limited remedy of a hearing on remand. I would reverse and require a hearing on Mr. Koo's motion to allow Dr. Saleh to explain his recantation letter under oath. It may be that after a hearing, the trial court deems Dr. Saleh's recantation not credible, which is the

4

type of finding to which deference is given as in <u>Archer</u>, 934 So. 2d at 1197-99 (affirming the postconviction court's finding that Bonifay was not credible). Without a hearing, we'll never know; and Koo's conviction will always be in doubt.