MAKAR, J.,
dissenting from the denial of rehearing.
We compound the errors in this direct appeal by standing by the statement that “any evidence in [Dr. Mohammed Saleh’s] letter was known to the parties, and as such, it did not qualify as newly discovered evidence.” That is directly in conflict, with the Florida Supreme Court’s analysis in Archer v. State, 934 So.2d 1187 (Fla.2006), which found error in a trial court ruling that reached a similar conclusion. The court in Archer said:
[I]n this case, the postconviction court erred when it rejected the claim [of newly-discovered evidence] based on what the postconviction court concluded was Archer’s [defendant’s] knowledge of Bonifay’s [recantation] testimony at the time of the trial. We find that a recantation is not precluded from being considered newly discovered evidence simply because the defendant knew, as reflected by what the defendant claimed the facts to be, that the recanting witness was not telling the truth at the time of the trial or because the defendant took the stand to testify contrary to the witness.
Id. at 1194 (emphasis added). Based on the emphasized language, even if Koo knew that Dr. Saleh was lying at trial, that does not foreclose Dr. Saleh’s recantation letter from being “newly discovered evidence” for purposes of this Court’s review.
We create confusion, and conflict, by saying to the contrary — not only with Archer, but with our own precedent in Burns v. State, 858 So.2d 1229 (Fla. 1st DCA 2008), where we said:
The trial court summarily denied the appellant’s claim because at trial the appellant had presented testimony by another prisoner that the appellant’s co-defendant had told this other prisoner that he had been pressured to lie about the appellant’s involvement in the arson in order to cut himself a deal. The trial court reasoned that the appellant had therefore known at trial that the code-fendant was lying, and thus the fact of the codefendant’s lying could not constitute newly discovered evidence. In this regard, the trial court erred.

Even though the appellant knew at trial that the codefendant was lying, the appellant could not have gotten the code-fendant to admit that he was lying earlier, and thus the recantation is newly discovered evidence that could not have been obtained earlier with dm diligence.

Id. at 1230 (emphasis added). The common thread of Archer and Bums is that a *158 defendant’s knowledge that a witness is lying at trial does not bar a defendant’s claim of newly discovered evidence based on that witness’s post-trial recantation, a principle now cast in doubt.
Moreover, much like this case, the supreme court in Archer noted that the “recantation clearly offers something new to this case. Indeed, the recantation offers a completely different version of the facts that, if true, could undermine Archer’s conviction and sentence.” Id. at 1195. Dr. Saleh’s recantation is a testimonial turnabout, positing a far different version of motives and actions than he swore to at trial. Archer, again, is on point and supports the limited remedy of a hearing on remand. I would reverse and require a hearing on Mr. Koo’s motion to allow Dr. Saleh to explain his recantation letter under oath. It may be that after a hearing, the trial court deems Dr. Saleh’s recantation not credible, which is the type of finding to which deference is given as in Archer, 934 So.2d at 1197-99 (affirming the postconviction court’s finding that Bon-ifay was not credible). Without a hearing, we’ll never know; and Koo’s conviction will always be in doubt.