[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12518
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01096-GKS-GJK

KYLE A. KEYS,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 23, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kyle Keys filed a habeas petition under 28 U.S.C. § 2254 claiming that the State of Florida violated *Giglio v. United States*, 405 U.S. 150 (1972), by failing to disclose information he could have used to impeach a prosecution witness.  We are barred from considering his claim, however, because he has procedurally defaulted it, and we therefore affirm the dismissal with prejudice of his petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. The Crime and the Trials

Keys was tried three times for first-degree murder and robbery with a firearm.  His acquaintance Toris Oliver did not testify at the first two trials, which ended in a hung jury and a mistrial, respectively.  At the third trial, Oliver testified that he and Keys pulled into the grounds of an apartment building to let Keys out to ask a woman for a cigarette.  Oliver saw Keys approach the woman with a gun and try to grab her purse, then heard two gunshots and the woman screaming for help, and then saw her fall.  When Keys returned to the car with a billfold and cell phone, Oliver asked if he had shot the lady, and Keys replied, "I shot in the air." Doc. 12-18 at 49.[1]  Later, after learning that the woman had died, Oliver confronted Keys, who said that he had not meant to shoot her and that "the gun just went off."  *Id.* at 54.  On direct, cross, and redirect examination, Oliver denied that

---

[1] "Doc #" refers to the numbered entries on the district court's docket.

the prosecution had offered him anything in exchange for his testimony.  Keys's third trial ended in his convictions on the murder and robbery charges.

After the verdict, Keys's trial lawyer received a letter from Oliver admitting that he had lied on the stand when he denied having received anything from the prosecution in exchange for his testimony.  Oliver enclosed a letter from his own lawyer to himself regarding a conversation she had with the prosecution about the possibility of a deal in which the State would ask for a lower sentence if Oliver testified against Keys.

## B.  Keys's Motion Under Florida Rule of Criminal Procedure 3.850

Through counsel, Keys filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 arguing that Oliver's letter and enclosure were newly discovered evidence that undermined the validity of the jury verdict.  The contents of Keys's Rule 3.850 motion are essential to our resolution of the instant appeal, so we describe them in detail.

In his five-paragraph argument, Keys raised a single claim titled "Newly discovered evidence."  Doc. 12-27 at 74.  The first two paragraphs described Oliver's trial testimony and his post-trial letter and enclosure.  The third paragraph quoted the standard for a newly discovered evidence claim under Florida law.  *See Burns v. State*, 858 So. 2d 1229, 1230 (Fla. Dist. Ct. App. 2003).  Keys argued he met both prongs of the standard:  (1) the evidence of Oliver's deal with the

3

prosecution was newly discovered because Keys could not have learned of it earlier through due diligence; and (2) introduction of the new evidence to impeach Oliver would "probably produce an acquittal" on retrial, especially since the first trial—at which Oliver did not testify—ended in a hung jury.  Doc. 12-27 at 74-75; *see also Burns*, 858 So. 2d at 1230.

The fourth paragraph contained a large block quotation from a U.S. Court of Appeals for the Ninth Circuit case to illustrate "the importance of informing the jury that a prosecution witness has been offered a lenient sentence in exchange for his or her testimony."  Doc. 12-27 at 75.  That Ninth Circuit case and four other federal cases Keys cited all discussed *Giglio* claims.  *See Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (en banc) (quoting *United States v. Bernal-Obeso*, 989 F.2d 331, 333-34 (9th Cir. 1993)); *Brown v. Wainwright*, 785 F.2d 1457, 1466 (11th Cir. 1986); *United States v. Barham*, 595 F.2d 231, 242-43 (5th Cir. 1979); *Tassin v. Cain*, 482 F. Supp. 2d 764, 775 (E.D. La. 2007).  Keys introduced the other citations to argue that Oliver's testimony was "inherently untrustworthy," that "it [wa]s probable that [Keys] would be acquitted" if Keys could use the new evidence to impeach Oliver on retrial, and that "[c]ourts . . . have consistently held that [post-trial] disclosure of a deal between the prosecution and the prosecution's key witness entitles the defendant to a new trial."  Doc. 12-27 at 76 & n.2 (internal quotation marks omitted).

4

Citing only Florida state cases, the fifth and final paragraph requested an evidentiary hearing to determine whether the post-trial evidence qualified as newly discovered and whether it would likely lead to an acquittal if used in a retrial. Keys later amended his Rule 3.850 motion to attach Oliver's letter and its enclosure, Oliver's letter from his lawyer.

The Florida circuit court denied Keys's Rule 3.850 motion.  In his motion for rehearing, Keys described his claim as a "newly discovered evidence claim." Doc. 12-28 at 25.  His only argument was that the court failed to appreciate that Oliver's letter and enclosure were newly discovered, and the only case he cited was a Florida state case on the deadline for filing a motion for rehearing.  *See Whipple v. State*, 867 So. 2d 433 (Fla. Dist. Ct. App. 2004).  The circuit court denied his motion for rehearing.  On appeal to the Florida district court of appeal, Keys again captioned his claim as a "newly discovered evidence claim."  Doc. 12-28 at 35, 43.  Most of his appellate brief was copied verbatim from his Rule 3.850 motion, including his citations to *Carriger*, *Bernal-Obeso*, *Brown*, *Barham*, and *Tassin*.  The only new substance was the addition of a few paragraphs citing only Florida state cases and arguing that Oliver's letter and enclosure qualified as newly discovered evidence.  The Florida district court summarily affirmed the denial of Keys's Rule 3.850 motion.  His motion for rehearing again referred to his "newly discovered evidence claim" and argued that Oliver's letter and enclosure were

5

newly discovered.  Doc. 12-28 at 53.  The Florida district court summarily denied that motion.

## C. Keys's Habeas Petition Under 28 U.S.C. § 2254

After the Florida district court of appeal denied Keys's motion for rehearing, Keys filed his § 2254 petition in federal district court.  That petition raised two claims; only the first is before us.[2]  Keys titled that claim "Violation pursuant to *Giglio v. United States*, 405 U.S. 150 (1972)."  Doc. 1 at 6.  He explained that *Giglio* stands for the proposition that due process requires the prosecution to disclose material evidence the defense can use to impeach a government witness, and then he used the same block quotation from *Carriger* and citations to *Bernal-Obeso*, *Barham*, *Brown*, and *Tassin* that he used in his Rule 3.850 motion.  He requested an evidentiary hearing to develop the factual basis for his *Giglio* claim,[3] but the district court dismissed his petition with prejudice.  This is Keys's appeal.

---

[2] Because Keys makes no argument to this Court regarding the second claim contained in his § 2254 petition—that the state trial court erred in denying Keys's motion for acquittal—he has abandoned that claim.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

[3] The same counsel who filed Keys's Rule 3.850 and subsequent state post-conviction motions filed his § 2254 petition.

## II.    STANDARD OF REVIEW

We review *de novo* the mixed question of law and fact of whether a § 2254 petitioner has procedurally defaulted a claim. *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007).

## III.    DISCUSSION

The district court correctly dismissed with prejudice Keys's § 2254 petition because he failed to fairly present his *Giglio* claim to the Florida post-conviction courts, resulting in an uncured procedural default.

Federal habeas petitioners must "fairly present[]" their federal claims to the state courts, *Picard v. Connor*, 404 U.S. 270, 275 (1971), to give the state courts a "meaningful opportunity" to consider any federal bases for relief, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Otherwise, the claims are procedurally defaulted, and federal courts may not review the claims on their merits. *See Coleman v. Thompson*, 501 U.S. 722, 731-32, 735 n.1 (1991). Keys failed to comply with this requirement throughout the litigation of his Rule 3.850 motion. To begin with, the presentation of his Rule 3.850 motion would not have alerted a state court that Keys intended to raise a *Giglio* claim. He captioned his claim "Newly discovered evidence," Doc. 12-27 at 74; cited the state law standard for bringing a newly discovered evidence claim; argued that he could meet the two-pronged standard—(1) newly discovered evidence that would (2) "probably

7

produce an acquittal on retrial," *Burns*, 858 So. 2d at 1230; and requested an evidentiary hearing to develop the factual basis for his claim. He cited federal cases that cited *Giglio*, but he cited those cases only to support his contention that he could meet the second prong of a Florida law newly discovered evidence claim—showing that the new evidence would "probably produce an acquittal on retrial." *Id.*

Moreover, had Keys properly presented a Florida law newly discovered evidence claim and a *Giglio* claim to the state courts, he would have alerted the Florida courts to the lower standard for sustaining a *Giglio* claim as contrasted with the Florida law claim. Doing so would have given the Florida courts the opportunity to grant his *Giglio* claim even if they denied his newly discovered evidence claim. A Florida law newly discovered evidence claim requires that the new evidence be "such that it would probably produce an acquittal on retrial," *Burns*, 858 So. 2d at 1230, whereas a *Giglio* claim requires only a "reasonable likelihood that the false testimony *could have* affected the judgment of the jury," *United States v. Alzate*, 47 F.3d 1103, 1110 (11th Cir. 1995) (internal quotation marks omitted). Florida law's standard for relief based on newly discovered evidence is far more stringent than *Giglio*'s standard. But Florida law's standard is practically indistinguishable from the materiality standard under *Brady v. Maryland*, 373 U.S. 83 (1963)—"reasonable probability that, had the evidence

8

been disclosed to the defense, the result . . . would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).  Because *Giglio*'s materiality standard is "more defense-friendly" than *Brady*'s, *Alzate*, 47 F.3d at 1109-10, it is also more defense-friendly than Florida's standard for a newly discovered evidence claim.

If Keys had wanted to present a *Giglio* claim to the Florida courts, he would have called attention to *Giglio*'s more defense-friendly materiality standard.  This would have given the Florida courts an opportunity to grant his *Giglio* claim even if they decided his Florida law newly discovered evidence claim lacked merit. Keys's failure to mention *Giglio*'s materiality standard in his Rule 3.850 motion is strong evidence that he failed to fairly present his *Giglio* claim to the Florida courts.[4]

Keys's case resembles *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005). There, McNair's state court post-conviction motion argued that the jury had improperly considered extrinsic evidence in violation of Alabama law, *id.* at 1303, which requires the court to determine that the extraneous evidence "*might* have unlawfully influenced" the jury, *Ex parte Troha*, 462 So. 2d 953, 954 (Ala. 1984) (internal quotation marks omitted).  We observed that the materiality standard in a

---

[4] After Keys filed his Rule 3.850 motion, a Florida appellate court issued an opinion discussing at length the differences between a Florida law newly discovered evidence claim and a *Giglio* claim.  *See Cueto v. State*, 88 So. 3d 1064, 1067 (Fla. Dist. Ct. App. 2012).  Although Keys did not have the benefit of *Cueto*, the caselaw setting out the different materiality standards was available to him.

federal extraneous evidence claim is even lower—extraneous evidence is "presumptively prejudicial"—but the petitioner "never mentioned, much less argued, th[at] federal standard." *McNair*, 416 F.3d at 1303. And, just as "McNair's reliance on state law continued when he went before the Alabama Supreme Court," *id.*, Keys consistently referred to his claim as a "newly discovered evidence claim" throughout his state court post-conviction litigation.[5] Our conclusion that McNair failed to "fairly present his federal constitutional claim to the state court," *id.* at 1304, applies equally here.

Keys contends that his citations to federal cases citing *Giglio* sufficed to fairly present a *Giglio* claim in his Rule 3.850 motion. The U.S. Supreme Court has stated that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition . . . by citing in conjunction with the claim . . . a case deciding such a claim on federal grounds." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). But *Baldwin* concerned a § 2254 petitioner who raised an ineffective assistance of counsel claim to the state courts; failed to specify whether the basis for that claim was state law, federal law, or both; and then sought to raise a federal ineffective assistance of counsel claim in federal

---

[5] Doc. 12-27 at 88 (amendment to Rule 3.850 motion); Doc. 12-28 at 2 (reply to state's response to Rule 3.850 motion), 25 (motion for rehearing before Florida circuit court), 35, 43 (appellate brief to Florida district court of appeal), 53 (motion for rehearing before Florida district court of appeal).

court. *Id.* at 29-30. In other words, *Baldwin* addressed a situation in which the federal habeas court had to determine whether the § 2254 petitioner had raised only a state law claim to the state courts or also the federal law analog to that state law claim.

That is not the situation we face here. The federal analog of a Florida law newly discovered evidence claim is a *federal* newly discovered evidence claim. *See United States v. Scrushy*, 721 F.3d 1288, 1304-05 (11th Cir. 2013) (elements: "(1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it would probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of due diligence on the part of the defendant"). *Giglio*, by contrast, concerns a situation where the government *knew or should have known* of evidence *in its possession* that the defense could have used to impeach a government witness. *See Bagley*, 473 U.S. at 676 ("Impeachment evidence . . . falls within the *Brady* rule. See *Giglio* . . . ."); *id.* at 678 (explaining that *Brady* concerns "information favorable to the accused that had been known to the prosecution but unknown to the defense"); *Ford v. Hall*, 546 F.3d 1326, 1331 (11th Cir. 2008) (setting forth the "knew[] or should have known" standard for "*Giglio* error, [which is] a species of *Brady* error"). The requirement that a § 2254 petitioner

11

fairly present his federal claims to the state courts is not satisfied where he raised only a "somewhat similar state-law claim" in the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Keys's Florida law newly discovered evidence claim was not "somewhat similar" to a *Giglio* claim. Thus *Baldwin*'s generous language cannot help Keys.

Given Keys's presentation of his Florida law newly discovered evidence claim to the state courts and the significant difference in the materiality standards between that claim and a *Giglio* claim, we conclude that Keys failed to fairly present his *Giglio* claim to the state courts. *See Picard*, 404 U.S. at 275. Under Florida law, "claims that could have been raised in a prior postconviction motion are procedurally barred." *Rivera v. State*, 187 So. 3d 822, 832 (Fla. 2015) (internal quotation marks omitted). Because Keys has deprived the Florida courts of the opportunity to consider his *Giglio* claim, he has procedurally defaulted it, and he has made no argument for cause and prejudice or a fundamental miscarriage of justice to overcome the default. *See Coleman*, 501 U.S. at 731-32, 735 n.1, 750. Due to this uncured procedural default, Keys's *Giglio* claim provides "no basis for federal habeas relief," *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998), and the district court properly dismissed with prejudice his § 2254 petition.[6]

---

[6] The district court ruled in the alternative that Keys's *Giglio* claim fails on the merits. We need not reach the district court's alternative ruling because we conclude that Keys has procedurally defaulted this claim. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364

## IV.    CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal with prejudice of Keys's § 2254 petition.

**AFFIRMED.**

---

(11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record . . . .").