# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-717
Lower Tribunal No. F15-8075
_____

**Fabian Pickett,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and HENDON, JJ.

SCALES, J.

Fabian Pickett appeals the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion. Pickett's post-conviction motion alleged that Pickett is entitled to a new trial based both on newly discovered evidence and on six bases of ineffective assistance of trial counsel. Pickett was convicted of attempted second-degree murder after firing multiple gun shots toward the victim. At trial, Pickett's defense was that he fired his gun toward the victim in preemptive self-defense, believing (though erroneously) that the victim might have a gun. The trial court sentenced Pickett to twenty years in prison, applying a minimum mandatory sentence. On plenary appeal, this Court upheld Pickett's conviction and sentence. Pickett v. State, 254 So. 3d 1162 (Fla. 3d DCA 2018).

About four years after sentencing, the victim signed an affidavit in which the victim recanted his trial testimony, and stated that, contrary to his testimony (and the testimony of several other witnesses), the victim indeed was carrying a gun. In its detailed, eight-page, well-reasoned order, the trial court concluded that, even if the assertions in the victim's affidavit were true, the outcome of the trial would have been no different because, at trial, Pickett testified that he did not see the victim holding any weapon.

We, therefore, agree with the trial court that the victim's recantation is immaterial to Pickett's guilty verdict. See Stephens v. State, 829 So. 2d 945,

2

945-46 (Fla. 1st DCA 2002) (recognizing that (i) recantation evidence is a type of newly discovered evidence that "must be such that it would probably produce an acquittal on retrial," and (ii) "an evidentiary hearing in the context of recantations" is not required where the recantation affidavit is immaterial to the verdict).

As to Pickett's assertion that he was the victim of ineffective assistance of trial counsel, we agree with the trial court that none of Pickett's asserted grounds meets the standards of Strickland v. Washington, 466 U.S. 687 (1984).

Affirmed.