DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OSVALDO LAZO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0170

[September 10, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 11-010600-CF10A.

Osvaldo Lazo, Perry, pro se.

James Uthmeier, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Osvaldo Lazo appeals the order summarily denying his Florida Rule of Criminal Procedure 3.850 motion as untimely and successive. Because an evidentiary hearing is required to assess the victim's credibility in recanting trial testimony and the timeliness of the motion, we reverse the summary denial of the motion.

A jury found Lazo guilty of sexual battery of a person less than twelve years of age and lewd and lascivious molestation. Lazo was sentenced to life on each count. We affirmed his convictions and sentences on direct appeal. *Lazo v. State,* 187 So. 3d 1257 (Fla. 4th DCA 2016). In 2020, we affirmed the denial of Lazo's first 3.850 motion without an opinion.

In 2024, Lazo filed his second 3.850 motion asserting newly discovered evidence. The asserted newly discovered evidence was the victim's recantation of her trial testimony identifying Lazo as the perpetrator of the crimes. Lazo alleged he learned of the recantation in October 2024 from a private investigator. His motion also alleged the recantation was unknown at trial and could not have been discovered with due diligence within the

usual two-year period for rule 3.850 relief. The victim's handwritten affidavit recanting her testimony was attached to the motion.

The state argued below the second rule 3.850 motion was untimely, successive, and failed to explain how the newly discovered evidence could not have been discovered sooner with the use of due diligence. The state did not address whether the affidavit filed in support of the motion was properly sworn.

The trial court adopted the state's response and denied the motion.

Lazo contends the trial court denied the second rule 3.850 motion based on the state's argument that the motion had failed to explain why the recantation could not have been discovered earlier. Lazo argues the denial was error because recanted testimony can never be discovered until the witness chooses to recant, citing *Davis v. State*, 26 So. 3d 519, 528 (Fla. 2009). Lazo also argues that because the trial court did not hold an evidentiary hearing on the motion, no evidence has been shown that the victim had recanted prior to October 2024.

In responding to our order to show cause, the state focused its arguments on the contention that the recantation affidavit was not executed in compliance with section 92.525(2), Florida Statutes (2024) (under penalty of perjury declaration). The state further responded the recantation affidavit is inherently incredible (and was properly rejected by the trial court) because it did not comply with section 92.525(2). The response did not assert any other arguments in support of the state's contention that the recantation affidavit is inherently incredible. The response also did not argue the affidavit was properly rejected for a failure to explain why the recantation could not have been discovered sooner.

We agree that if the second rule 3.850 motion was denied because it failed to explain why the recantation could not have been discovered earlier, the denial was error. The record at this time shows no evidence that the victim had recanted prior to October 2024.

We reject the state's arguments that the recantation affidavit does not comply with section 92.525(2)'s verification requirements.

Our supreme court has made clear that "recanted testimony that is alleged to constitute newly discovered evidence will mandate a new trial only if (1) the court is satisfied that the recantation is true, and (2) the recanted testimony would probably render a different outcome in the proceeding." *Davis v. State*, 26 So. 3d 519, 526 (Fla. 2009) (citation

omitted). In *McLin v. State*, 827 So. 2d 948 (Fla. 2002), the supreme court discussed a trial court's summary denial of a facially sufficient post-conviction motion based on newly discovered evidence. The court explained, "the sole focus of legal inquiry was whether the files and records conclusively refuted the allegations of the motion and the attached affidavit." *Id.* at 954 (citations omitted).

Importantly, in *McLin*, the supreme court adopted our reasoning in *Robinson v. State*, 736 So. 2d 93 (Fla. 4th DCA 1999). In *Robinson*, we held that an evidentiary hearing is required to deny relief where newly discovered evidence is at issue. We further clarified the sole exception to this rule is where the allegations in the recantation affidavit are conclusively refuted by the record or where the face of the affidavit demonstrates the affidavit is "inherently incredible." *McLin*, 827 So. 2d at 955 (citing *Robinson*, 736 So. 2d at 93); *see also Davis*, 26 So. 3d at 526.

Substantively, an affidavit is deemed inherently incredible when its content is so implausible that the affidavit cannot be believed, and further examination is not needed. *See Placide v. State*, 189 So. 3d 810, 813 (Fla. 4th DCA 2015) (affirming the denial of relief where the affidavit's basis for delay in reporting the newly discovered evidence was "simply beyond what any reasonable person could accept as credible"). However, characterizing an exculpatory affidavit as inherently incredible merely due to contradictory trial testimony is an improper basis for summary denial of post-conviction relief without an evidentiary hearing. *Simpson v. State*, 100 So. 3d 1258 (Fla. 4th DCA 2012).

Although Florida courts consistently have held that recantations are exceedingly unreliable, our supreme court has made clear that an evidentiary hearing is usually required for the trial court to assess credibility of the recantation. *Davis*, 26 So. 3d at 526. We cannot say as a matter of law that the affidavit in this case is inherently incredible. We express no opinion as to the credibility of the victim's recantation in this case or whether the motion was timely. Instead, we conclude that an evidentiary hearing is needed to make those determinations. Thus, we reverse the summary denial of the post-conviction relief in this case and remand the case for an evidentiary hearing.

*Reversed and remanded.*

FORST and KLINGENSMITH, JJ., concur.

\*          \*          \*

3

*Not final until disposition of timely filed motion for rehearing.*