# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-2592

_____

DARREN BING,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
James Matthew Colaw, Judge.


May 13, 2026


NEFF, J.


On July 1, 2025, Darren Bing filed a successive motion for postconviction relief alleging newly discovered evidence. The alleged newly discovered evidence is a notarized recantation affidavit from trial witness Lamont Ritter. Ritter testified at trial that Bing confessed to him in jail that Bing had been paid to commit the murder of William Redd. In the notarized affidavit, Ritter recants that trial testimony. According to Bing's motion, he became aware of Ritter's recantation on June 5, 2025. Thus, the motion filed July 1, 2025, was timely under Rule 3.850(b)(1), Fla. R. Crim. P. The trial court denied the motion without an evidentiary hearing, finding that Ritter's testimony was not a substantial part of the State's case and that even if Ritter did not testify, there was still overwhelming evidence of Bing's guilt.

"'The standard of review of a summary denial of a rule 3.850 motion is de novo.'" *Morris v. State*, 275 So. 3d 230, 234 (Fla. 1st DCA 2019) (quoting *McLin v. State*, 827 So. 2d 948, 954 (Fla. 2002)). A summary denial of a Rule 3.850 motion is upheld only if the motion is legally insufficient or its allegations are conclusively refuted by the record. *Taylor v. State*, 3 So. 3d 986, 999 (Fla. 2009) (citing *McLin*, 827 So. 2d at 954). All factual allegations in a Rule 3.850 motion not refuted by the record are accepted as true. *Taylor v. State*, 260 So. 3d 151, 158-59 (Fla. 2018). "Once it has been determined that the defendant properly alleged the existence of newly-discovered evidence, an evidentiary hearing is ordinarily required so the trial court may properly weigh and evaluate both the newly-discovered evidence and the evidence which was introduced at the trial." *John v. State*, 98 So. 3d 1257, 1259 (Fla. 3d DCA 2012). A hearing may be dispensed with only if the affidavit is inherently incredible or obviously immaterial to the verdict. *Davis v. State*, 26 So. 3d 519, 526 (Fla. 2009).

The trial court's order attached three categories of material: portions of Demaria Watts's direct examination, Lamont Ritter's trial testimony, and extensive excerpts from the State's closing arguments. However, closing argument is not evidence; it is advocacy. A party's characterization of the evidence is not the evidence itself. *Braddy v. State*, 111 So. 3d 810, 843 (Fla. 2012) (noting the "trial court properly instructed the jury that statements made during closing argument did not constitute evidence"); Fla. Std. Jury Instr. (Crim.) 2.7 ("Please remember that what the attorneys say is not evidence or your instruction on the law. However, do listen closely to their arguments. They are intended to aid you in understanding the case."). Generally, closing argument is not among the files and records that may conclusively refute this type of postconviction claim. *See Anderson v. State*, 627 So. 2d 1170, 1171 (Fla. 1993) ("This Court has stated many times that under rule 3.850, a movant is entitled to an evidentiary hearing unless the motion, files, and records conclusively show that the movant is not entitled to relief."). These closing argument excerpts therefore cannot demonstrate that the alleged newly discovered evidence is obviously immaterial to the verdict.

The remaining attachments fare no better. The Watts attachment consists solely of direct examination, omitting the cross-examination necessary to assess whether his testimony was sufficiently unchallenged to render the recantation obviously immaterial to the verdict. Although the Ritter attachment includes cross-examination, it includes statements in which Ritter acknowledged he could not remember specifically what Bing told him and could not distinguish what Bing said from what he learned from other sources—the very uncertainty that makes a hearing necessary.

Neither is the recantation made by Ritter inherently incredible on its face. *See Lazo v. State*, 419 So. 3d 1097, 1100 (Fla. 4th DCA 2025) ("[A]n affidavit is deemed inherently incredible when its content is so implausible that the affidavit cannot be believed, and further examination is not needed."). Ritter's affidavit, which is notarized and addressed to the presiding judge, is consistent with his own cross-examination testimony that Bing was paranoid and did not trust other inmates. Moreover, Ritter's testimony was the only direct evidence of guilt—the only evidence purporting to be Bing's own words acknowledging culpability. The trial court's determination that this testimony was not a substantial part of the State's case is precisely the kind of credibility and materiality weighing that Florida law ordinarily reserves for an evidentiary hearing. *McLin v. State*, 827 So. 2d 948, 955 (Fla. 2002); *see also Robinson v. State*, 736 So. 2d 93, 93 (Fla. 4th DCA 1999) ("After conducting the same review, we cannot conclude that [the witness]'s affidavit was inherently incredible or that his trial testimony was obviously immaterial to the verdict, so as to allow the trial court to reject his recantation without holding an evidentiary hearing.").

We therefore reverse the order of summary denial. On remand, the trial court shall either attach record evidence conclusively demonstrating the recantation to be obviously immaterial to the verdict or conduct an evidentiary hearing at which it may properly assess the credibility of Ritter's recantation and, if credited, determine whether the recanted testimony, weighed against all evidence presented at trial, would probably produce an acquittal on retrial. *Jones v. State*, 709 So. 2d 512, 521–22 (Fla. 1998).

REVERSED and REMANDED.

ROBERTS and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Darren Bing, pro se, Appellant.

James Uthmeier, Attorney General, and Anne Catherine Conley, Assistant Attorney General, Tallahassee, for Appellee.