STEVENSON, Judge.
Appellant, Earl Bradford, appeals the denial of his rule 3.850 motion which alleged the ineffective assistance of his trial counsel. Because the trial court failed to consider the claims raised in a timely amendment to appellant’s motion, we vacate the trial court’s order and remand for a reconsideration of appellant’s motion and amended motion.
This court affirmed appellant’s conviction for robbery with a weapon on November 23, 1994. The mandate was issued on December 9, 1994. Appellant then filed a 3.850 motion seeking postconviction relief on the ground of ineffective assistance of counsel. On October 8, 1996, at the start of the evidentiary hearing on the motion, appellant brought to the court’s attention an amended 3.850 motion which alleged additional instances of ineffective assistance of counsel as well as other constitutional violations. Because appellant did not have access to a notary in prison, the trial court allowed him to swear to the alleged facts in open court. However, the trial court refused to consider the amended motion at that time, calling it “untimely.” Following the hearing, the trial court denied the original motion for postconviction relief. The transcript indicates that appellant intended to later file the amended motion with the clerk, but the record does not reveal what became of the amended 3.850 motion. On this appeal, appellant challenges the trial court’s refusal to consider his amended motion.
The amended motion was neither untimely nor successive of the original motion; it was made within two years following the issuance of the mandate in the direct appeal, but before the trial court disposed of the original 3.850 motion. However, while the amended motion was not untimely in the jurisdictional sense, it was untimely from the standpoint of judicial administration since it was first presented at the evidentiary hearing. Nevertheless, in this circumstance, the trial court erred in failing to continue the evidentiary hearing on the original 3.850 motion until such time as the claims raised in the amended motion could also be considered. See Shaw v. State, 654 So.2d 608 (Fla. 4th DCA 1995); State v. Gunsby, 670 So.2d 920, 924 (Fla.1996)(holding that a claim of ineffective assistance of counsel is properly considered with reference to the cumulative effect of counsel’s deficiencies).
Accordingly, we find that a proper disposition of appellant’s claims on remand requires the trial court to consider the totality of' appellant’s claims raised in both the original 3.850 motion and the amended motion.
VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
FARMER and SHAHOOD, JJ., concur.