DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADALBERTO RAMOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-4382 and 4D13-4746

[November 12, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 08-2567 CF10A.

Adalberto Ramos, Miami, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Adalberto Ramos appeals an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. One of his claims is that the trial court failed to consider his "amended" motion. We agree and reverse and remand for further review of both of appellant's motions. *See Bradford v. State,* 701 So. 2d 899 (Fla. 4th DCA 1999) (holding that trial court erred in failing to continue the evidentiary hearing on the original 3.850 motion until such time as the claims raised in the amended motion could also be considered).

The amended motion was first filed as a motion for new trial. However, on the day of the evidentiary hearing scheduled to consider the original rule 3.850 motion, appellant asked the trial court to treat the new trial motion as an amendment to his pending rule 3.850 motion.

After considerable discussion, the judge opted to bifurcate the proceedings and proceed as scheduled with the evidentiary hearing. All agreed at the commencement that this meant the State would have the opportunity to respond to issues within the amendment, and that the

judge might have to reevaluate all of the claims when considering those points.[1]  This plan was restated at the end of the evidentiary hearing.

Notwithstanding the court's plan to evaluate the claims collectively, it entered an order denying only the original motion.  The written order advised appellant that he had thirty days to file an appeal; he followed that advice.

Thereafter, the court ordered the state to respond to the amended motion.  The state argued that the trial court lacked jurisdiction to entertain the motion because of the pending appeal and that the amended motion was successive and insufficient.  The court denied the amended motion based on that response without further hearing.

Based on the events as explained above, we reverse and remand for the trial court to proceed as it initially intended.  Accordingly, "we find that a proper disposition of appellant's claims on remand requires the trial court to consider the totality of appellant's claims raised in both the original and the amended motion."  *Bradford,* 701 So. 2d at 900.

*Reversed and remanded for further proceedings.*

CIKLIN, C.J., WARNER and LEVINE, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Appellant's motions predate the July 1, 2013 amendments to Florida Rule of Criminal Procedure 3.850 (e), "Amendments to Motion."  *In re Amendments to the Fla. Rules of Criminal Procedure & the Fla. Rules of Appellate Procedure*, 132 So. 3d 734, 748 (Fla. 2013).