DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADALBERTO RAMOS**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-1924

[January 23, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 062008CF002567A88810.

Adalberto Ramos, Miami, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Adalberto Ramos raises seventeen points in his appeal of the circuit court's denial of his Florida Rule of Criminal Procedure 3.850 motion.[1] We affirm, without comment, sixteen of the points. For the final issue, Ramos argues the court erred when it failed to hold an evidentiary hearing to evaluate his claim that a witness at trial recanted her testimony. We agree and reverse.

The recanting witness, who is the victim's older sister, stated in an affidavit that she informed another sister that Ramos was "innocent." The other sister also signed an affidavit affirming the conversation and stating that the recanting witness "said the detectives were [ ] telling her and putting fear into her that she was going to go to jail, if she didn't testify." The other sister also stated that the recanting witness started the conversation.

---

[1] We have issued two prior opinions in this case. *See Ramos v. State*, 178 So. 3d 941 (Fla. 4th DCA 2015); *Ramos v. State,* 75 So. 3d 1277 (Fla. 4th DCA 2011).

The circuit court found that the claim was "legally sufficient" but refuted by the record. The court explained that the other sister did not testify at trial and did not influence the verdict. After reviewing the court file and the State's response to Ramos's motion, the court found the "equivocal statements contained in [the recanting witness's] affidavit" were "not credible."

Florida courts view the recantation of testimony as "exceedingly unreliable." *Lambrix v. State*, 39 So. 3d 260, 272 (Fla. 2010) (quoting *Heath v. State*, 3 So. 3d 1017, 1024 (Fla. 2009)). Because recantation is viewed with suspicion, when a State witness recants her testimony, a new trial is required "only if the court is satisfied that the recantation is true and that 'the witness's testimony will change to such an extent as to render probable a different verdict.'" *Robinson v. State*, 736 So. 2d 93, 93 (Fla. 4th DCA 1999) (quoting *Armstrong v. State*, 642 So. 2d 730, 735 (Fla. 1994)).

In making this determination, an evidentiary hearing is usually required. *Id.* (citations omitted). And the court must "examine all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial." *Sweet v. State*, 248 So. 3d 1060, 1066 (Fla. 2018) (quoting *Consalvo v. State*, 937 So. 2d 555, 561 (Fla. 2006)). But "[i]f a postconviction court 'is not satisfied that the recanted testimony is true, it has a duty to deny the defendant a new trial.'" *Id.* (emphasis removed) (quoting *Heath*, 3 So. 3d at 1024).

Here, there was no physical evidence presented in the underlying trial and the recanting witness was one of the main witnesses for the State. The jurors also asked questions during trial seeking medical evidence and asked the court to reread the witnesses' testimony.

Similar to *Robinson*, we are unable to conclude that the statements in the affidavits in support of Ramos's motion were "inherently incredible or that [the] trial testimony was obviously immaterial to the verdict, so as to allow the trial court to reject [the] recantation without holding an evidentiary hearing." 736 So. 2d at 93.

The court's order denying Ramos's motion is affirmed in part and reversed in part. We affirm without comment sixteen of the points raised on appeal, but we reverse and remand for the court to hold an evidentiary hearing on Ramos's claim about the recanting witness.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***