[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-10006

Non-Argument Calendar

_____

ADALBERTO RAMOS,

Petitioner-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62456-PCH

_____

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Adalberto Ramos, proceeding *pro se*, appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2254 following his convictions for sexual battery against a minor. We granted a certificate of appealability on the issues of whether Ramos's trial counsel provided ineffective assistance for failing to call the victim's mother to testify and for failing to adequately impeach the victim with her deposition testimony. Upon careful consideration, we affirm.

## I.

After Ramos's stepdaughter accused him of sexually abusing her, the State of Florida charged him with four counts of sexual battery upon a child, a count of indecent assault, and a count of lewd or lascivious molestation. At trial, the victim and her sisters testified about Ramos's prolonged abuse, including forcing her to participate in oral, digital, and anal sex as a child. The victim also testified that this abuse caused her to bleed when she used the restroom.

The victim's mother had previously given a deposition describing how the victim had told her about Ramos's inappropriate touching. But that deposition also stated that the victim denied that Ramos had "put something in" her. And it stated that, when the mother physically checked the victim and washed her clothes, she

did not see signs of bleeding. Neither Ramos nor the government called the victim's mother to testify at trial.

The jury found Ramos guilty on all counts, and Ramos was given multiple concurrent sentences of life in prison.

After undergoing the direct appeal process, Ramos filed a petition for postconviction relief under Florida Rule of Criminal Procedure 3.850. That petition asserted various claims for relief, two of which are relevant here. First, Ramos argued that his counsel was ineffective for failing to call the victim's mother as a witness because she would have contradicted some of the victim's testimony. Second, he argued that his counsel was ineffective for failing to impeach the victim with her deposition testimony that her mother did not physically examine her, that she did not tell her mother about any penetration by Ramos, and that she was experiencing bleeding when she reported the abuse.

After holding an evidentiary hearing, the postconviction court denied both claims. Regarding the first claim, it reasoned that Ramos had failed to establish the substance of the mother's testimony that was not offered, or how it would have affected the outcome of the trial. And it noted that the decision not to call a witness is strategic in nature. As to the second claim, the court reasoned that Ramos presented insufficient evidence at the evidentiary hearing. Ramos appealed, and Florida's Fourth District Court of Appeal affirmed the denial of the relevant claims without comment. *Ramos v. State*, 264 So. 3d 180 (Fla. Dist. Ct. App. 2019).

Ramos then filed a Section 2254 petition in the Southern District of Florida, reasserting the claims he raised before the state postconviction court. The district court denied the petition. It reasoned that Ramos's trial counsel made a reasonable strategic decision not to call the victim's mother, and that he could only speculate as to the substance of her testimony because she did not testify at the evidentiary hearing. It also determined that the victim's testimony at trial was consistent with her deposition, so Ramos could not establish that the failure to impeach her with her deposition was ineffective assistance.

We later granted Ramos a certificate of appealability on the two claims discussed above. Ramos now appeals.

## II.

"[W]e review the district court's denial of [a] § 2254 petition *de novo,* but we 'owe deference to the final state habeas judgment.'" *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quoting *Peterka v. McNeil*, 532 F.3d 1199, 1200 (11th Cir. 2008)). When the final state court decision does not contain reasoning for the denial of relief, we look to the last related state court decision that provides rationale and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

### III.

A federal court cannot grant habeas relief on a claim that was "adjudicated on the merits in State court proceedings" unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). For purposes of Section 2254(d)(1), "clearly established Federal law" refers only to the legal principles embodied in the holdings of the Supreme Court. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010).

The Sixth Amendment provides criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687.

Counsel's performance is deficient where it "fell below an objective standard of reasonableness." *Id.* at 688. A court considering an ineffective assistance claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Thus, our analysis under Section 2254 is "doubly deferential" where the state court decided that counsel performed adequately. *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

In other words, we may grant relief only if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." *Id.* at 2411 (cleaned up) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

To prove the prejudice element under *Strickland*, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

Here, Ramos maintains that the state court unreasonably applied *Strickland* by rejecting two of his claims for ineffective assistance of counsel. As to the first claim, he argues that his trial counsel was ineffective for failing to call the victim's mother as a defense witness. He specifically asserts that the mother would have testified that she heard the victim deny that Ramos sexually abused her.

Regarding the second claim, Ramos argues that his trial counsel was ineffective for failing to impeach the victim with her deposition testimony that her mother never physically examined her for signs of abuse. He states that trial counsel needed only ask her one question: "Are you sure you did not tell your mother about the allegations made against Mr. Ramos?"

We discuss each of these arguments in turn.

*A.*

The state court reasonably applied *Strickland* as to Ramos's claim regarding his trial counsel's decision not to call the victim's mother as a defense witness. Counsel's decision as to which witnesses, if any, to call at trial "is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995)). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

On this record, we cannot say the state court unreasonably determined that Ramos's counsel was not ineffective. Trial counsel testified that he chose not to call the victim's mother because he did not believe her testimony would be helpful to Ramos's defense. We owe substantial deference to that strategic determination, and it is supported by the record. Contrary to Ramos's assertions on appeal, the mother's deposition corroborated some parts of the victim's testimony, such as her underlying assertion that Ramos touched her inappropriately. Moreover, because the victim's mother did not testify at the evidentiary hearing, Ramos has not established that the mother's testimony would have been overall favorable to his defense, much less that there was a reasonable

probability of it changing the outcome of the trial. So the district court correctly denied the Section 2254 petition as to this claim.

*B.*

The state court also applied *Strickland* reasonably to Ramos's claim concerning his trial counsel's failure to impeach the victim with her deposition testimony. Failure to impeach a key prosecution witness with earlier testimony may amount to ineffective assistance when that testimony was "much more favorable to the defendant." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001).

The record supports the state court's conclusion that Ramos's counsel was not ineffective. Ramos's trial counsel cross-examined the victim—he questioned her thoroughly and reviewed her deposition transcript both before and after he conducted the cross-examination. Afterward, both he and Ramos agreed that he had covered all the necessary questions. Additionally, the victim testified in her deposition and at trial that her mother never examined her after she told her mother about the abuse. The victim also testified at trial that she told her mother about the inappropriate touching, which answers the sole question that Ramos suggests his trial counsel should have asked—whether she told her mother about the allegations against him. So the district court correctly denied Ramos's Section 2254 petition.

**AFFIRMED.**